**NOT RECOMMENDED FOR PUBLICATION**
File Name: 13a0183n.06

No. 11-2228

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
*Feb 19, 2013*
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| SOVEREIGN BANK, a Federal Savings Bank, | ) ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MICHIGAN |
| Plaintiff-Appellant, | ) ) | |
| v. | ) ) | |
| FEDERAL INSURANCE COMPANY, | ) ) | |
| Defendant-Appellee. | ) | |

**Before: COOK and WHITE, Circuit Judges; and SHARP, District Judge.**[*]

**PER CURIAM.** In this action for breach of contract and a declaration of rights under an aviation insurance policy, Sovereign Bank appeals the district court's summary dismissal of its claims under Fed. R. Civ. P. 12(b)(6). We AFFIRM.

Sovereign loaned money to N400DE, LLC, a Michigan LLC owned by David Eyde, for the purchase of a Mooney M20M Aircraft (the Mooney). Defendant Federal issued N400DE, LLC, an aircraft-insurance policy that was effective from September 26, 2009 to September 26, 2010. The policy insured the Mooney against physical damage or loss in the amount of $448,000. An endorsement to the policy provided that Sovereign was a loss payee (to protect it against loss of its

---

[*]The Honorable Kevin H. Sharp, United States District Judge for the Middle District of Tennessee, sitting by designation.

collateral, the Mooney). On September 30, 2009, the aircraft crashed in Indiana, killing Eyde – the only occupant. The plane was a total loss. On or about October 15, 2010, Sovereign filed a loss-payee claim with Federal, which was denied.

On December 7, 2010, Sovereign filed suit against Federal alleging breach of contract and seeking a declaration of rights. Federal brought a 12(b)(6) motion seeking dismissal on the basis that Sovereign's suit was untimely because it was filed after the 12-month contractual limitation period ended on September 30, 2010. Sovereign argued that the aircraft policy's 12-month limitation period was unenforceable. In support, Sovereign cited the Michigan Insurance Commissioner's December 16, 2005 Order of Prohibition, No. 05-050-M, which barred newly-issued insurance policies that limit "the time to file a claim or commence suit for uninsured motorist benefits to less than three years."

At issue in the instant appeal is the district court's ruling:

> [Sovereign's] cited decisions do not stand for the proposition that the Michigan Supreme Court would extend the Commissioner's Order to encompass insurance causes of action beyond the "uninsured motorist benefits" claims, which alone is the type of claim which the Commissioner's December 2005 Order purports to govern. [Sovereign's] supplemental argument lacks any identifiable support in Michigan law for the simple reason that the Commissioner's "order and case law issued before and after the Order" all arose in the specific context of no-fault insurance policies for uninsured motorist coverage. The policy at issue here, by contrast, is an optional aviation insurance policy for certain physical damage to an aircraft, rendering the Order inapplicable and cited case law inapposite. It is not the place of a Michigan court – let alone a federal court sitting only in diversity – to decide whether policy considerations might warrant extending an agency's rule or decision to a party, transaction, contract or event which the agency's written rule does not purport to cover. Such development or expansion of the State's intrusion into private contracts is the province of the State Legislature and the executive agency to which the legislature has delegated authority in the field. Indeed, the Michigan Supreme Court has noted that under the applicable Michigan statute – Mich. Comp. Laws § 500.2236(5) – only the Commissioner of Insurance and Financial Services has

2

authority to invalidate insurance contract provisions on the ground of unreasonableness.[1]

Because the district court correctly observed that Sovereign cited no authority supporting that the 2005 Prohibition Order extended beyond uninsured and underinsured motorist coverage, or to this aviation policy, we AFFIRM.

---

[1]Sovereign could have but apparently did not file a complaint with the State of Michigan's Office of Financial and Insurance Regulation.